

# EDWARD C. WALKER
## CIRCUIT CLERK OF ADAMS COUNTY

115 SOUTH WALL STREET  
NATCHEZ, MISSISSIPPI 39120

PHONE: 601-446-6326  
FAX: 601-445-7955

www.adamscountyms.gov

DATE: 1-14-19

TOTAL NUMBER OF PAGES (INCLUDING COVER): 6 w/cs

TO (COMPANY NAME): _____

ATTENTION: April Frost

FAX NUMBER: 601-360-9777

PHONE NUMBER: _____

FROM: Marilyn

IN RE: _____

**IF YOU HAVE RECEIVED THIS FAX IN ERROR, PLEASE CONTACT THIS OFFICE BY FAX OR TELEPHONE.**

Thank you,  
Edward C. Walker, Circuit Clerk

EXHIBIT "C"

RECEIVED AND FILED
OCT 22 2018
EDWARD C. WALKER, CIRCUIT CLERK
BY _____ D.C.

**IN THE COUNTY COURT OF ADAMS COUNTY, MISSISSIPPI**

Brenda Cantu.

**Plaintiff**

vs.          Case No. 18-CV-0489

CITY OF NATCHEZ, a municipal corporation.

**Defendant**

## COMPLAINT

Comes now the Plaintiff, Brenda Cantu, by and through her undersigned counsel, who brings this Complaint against the City of Natchez for unpaid wages, liquidated damages, attorney fees costs and other relief, and states:

1. Plaintiff Brenda Cantu is an individual who was employed by the City of Natchez during the relevant time period.

2. Plaintiff brings this lawsuit seeking recovery against Defendant for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S. 215 et. seq.

3. This Court has jurisdiction over the parties, and the value of the claim is within the jurisdictional limits of this court, that is, less than $200,000. Venue is proper in this Court because the actions complained of occurred within Adams County, and the Defendant has its principal place of business here.

1

## FACTS

4. Plaintiff was employed by the City of Natchez from 2012 until her termination in October, 2016.

5. City of Natchez was an employer under the meaning of the FLSA.

6. Defendant required Plaintiff to work for more than 40 hours per week but failed to pay her overtime compensation as required by the FLSA.

7. Plaintiff was an employee of Defendant within the definition of the FLSA.

8. Plaintiff was given "comp time" instead of payment in money for her overtime worked. However, this comp time accrued over time because Plaintiff's job duties precluded her from taking the comp time as vacation time. Plaintiff was not permitted to take off sufficient days to "use up" her comp time, as Defendant well knew.

9. Plaintiff was paid an hourly rate. Plaintiff had an employment agreement with the Defendants, whereby the Defendants agreed to pay her an hourly rate for all hours worked.

10. At all times relevant to this Complaint, Plaintiff regularly worked in excess of forty (40) hours per week, and Defendants failed to compensate her at a rate of one and one-half times of her regular hourly wage.

11. Plaintiff regularly worked between fifty (50) and sixty (60) hours a week and did not receive overtime compensation at time and half of her regular rate of pay.

12. Plaintiff is entitled to lost wages and an additional equal amount as liquidated damages. The Plaintiff is also entitled to recover her reasonable attorney's fees and costs of this action.

13. Defendant's actions and violations of the FLSA were willful and knowing.

14. At all times relevant herein, each Defendants was a "employer" of Plaintiff as that term is defined by 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

15. Defendants employed Plaintiff for workweeks longer than forty (40) hours without compensating Plaintiff at a rate of one and on-half times her regular rate of pay as required by 29 U.S.C. § 207(a).

16. Plaintiff is entitled to unpaid overtime compensation at the rate of one-and-a-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, liquidated damages in an equal amount, and her reasonable attorneys' fees and costs incurred in bringing this action pursuant to 29 U.S.C. § 216(b).

17. The amount of unpaid wages due to Plaintiff are in excess of eight thousand dollars.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, seeks judgment against the Defendant as follows:

a. Judgment against Defendant for all overtime worked at one- and one-half times the regular rate of pay;

b. Judgment against Defendant that its violation of the FLSA and its implementing regulations were willful;

c. Liquidated damages in an amount equivalent to the overtime damages, and unpaid minimum wages owed to Plaintiffs;

d. Attorneys' fees and costs; and

e. All such further relief as the Court deems just and equitable.

Respectfully submitted,

Paul D. Sullivan
Attorney for Plaintiff
Miss. Bar Number 8053
220 Main Street
Natchez, Ms. 39120
601-334-9741
Paul@NatchezLegal.com

4

IN THE COUNTY COURT OF ADAMS COUNTY, MISSISSIPPI

Brenda Cantu,

Plaintiff

vs.   Case No. 18-CV-0489

CITY OF NATCHEZ, a municipal corporation,

Defendant

THE STATE OF MISSISSIPPI TO: City of Natchez, 200 Pearl St., Natchez, Ms. 39120

NOTICE TO DEFENDANT :THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. You are required to mail or hand deliver a copy of a written response to the Complaint to

Paul D. Sullivan, the attorney for the Plaintiff(s), whose post office address is and whose street address is 220 Main St., Natchez, Ms. 39120. Your response must be mailed or delivered within (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this 22nd day of Oct, 2018.

Edward C Walker
MgA.                D.C.
Clerk of Adams County, Mississippi